AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>MUHAMMED RAFIQ<br><br>*Defendant(s)* | Case No.<br>5:14-MJ-128 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  August 20, 2014  in the county of  Hale  in the
Northern  District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 2. | Possession With Intent to Distribute a Mixture and Substance Containing a Detectable Amount of 1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl) indole, XLR11, a Schedule I Controlled Substance, and Aiding and Abetting |

This criminal complaint is based on these facts:
SEE AFFIDAVIT, INCOPORATED FOR ANY AND ALL PURPOSES

☑ Continued on the attached sheet.

_____
Complainant's signature

Daryl Walker, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date:  08/27/2014

_____
Judge's signature

City and state:  Abilene, Texas      E. Scott Frost, United States Magistrate
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Daryl Walker, being duly sworn, depose and state:

1. Special Agent ("SA") Daryl Walker of the Drug Enforcement Administration ("DEA"), who is currently assigned to the Lubbock Resident Office, being of lawful age and first duly sworn upon my oath, states as follows:

2. I am submitting this Affidavit in support of a criminal complaint.

3. I am a Special Agent ("SA") with the Drug Enforcement Administration ("DEA"), and have been so employed for approximately 12 years. Pursuant to Title 21, United States Code, Section 878, and as such, I am authorized to conduct searches, seizures, and powers of arrest. I have received basic and advanced drug enforcement training at the DEA Academy located in Quantico, Virginia. Throughout my career, I have investigated many drug trafficking organizations responsible for the smuggling, distribution, and transportation of large quantities of illegal controlled substances into and across the United States.

4. As a result of my training and experience as DEA Special Agent, I am familiar with federal criminal laws and know it is a violation of:

> 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a schedule I or II controlled substance.

5. I am aware that 1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole, XLR11, is currently a schedule I controlled substance, and has been a schedule I controlled substance since May 16, 2013.

Affidavit in Support of Criminal Complaint
Page 1 of 5

6. I am aware that on May 16, 2013, the Drug Enforcement Administration, pursuant to its rule-making authority, issued a final order in 21 C.F.R. Part 1308, temporarily scheduling for two years 1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole, XLR11, a synthetic cannabinoid, under the Controlled Substances Act pursuant to the temporary scheduling provisions of Title 21, United States Code, Section 811(h). As a result of this order, the full effect of the Controlled Substances Act and the Controlled Substances Import and Export Act and their implementing regulations including criminal, civil, and administrative penalties, sanctions, and regulatory controls of Schedule I substances will be imposed on the manufacture, distribution, possession, importation, and exportation of 1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole, XLR11, a synthetic cannabinoid.

7. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I am familiar with the information contained in this affidavit based upon my own personal investigation, as well as conversations with other law enforcement officers. This affidavit is intended to show only that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter.

8. On August 20, 2014, at approximately 7:00 P.M., the Plainview, Texas, Police Department ("PPD") came into contact with the driver of a 2014 white Chrysler 300, with Louisiana tag number N364319, registered to Avis Budget car rental. The PPD had received a complaint from a concerned citizen that had observed a male standing next to

**Affidavit in Support of Criminal Complaint**
Page 2 of 5

the vehicle smoking marijuana in the parking lot in front of the Eyewear Outlet. The concerned citizen informed officers that he/she could smell a very strong odor of burnt marijuana.

9. An officer with the PPD made contact with the driver and sole occupant of the vehicle matching the concerned citizen's description. The driver was identified as Muhammed Rafiq ("Rafiq"), who was in possession of a State of Washington driver's license. The PPD officer confronted Rafiq with the information he had received from the concerned citizen. Although the officer could not smell the odor of burnt marijuana, the officer observed that Rafiq demeanor to be very nervous, hands shaking, and cotton or dry mouth when confronted with the concerned citizen's complaint that he had been observed smoking marijuana. Based upon the citizen's complaint and Rafiq's nervousness, the PPD officer asked Rafiq for permission to search the vehicle and Rafiq replied no. During this conversation, the PPD officer observed two blackberry cell phones in one of the compartments of the middle console. Rafiq informed the PPD officer that he was coming from his attorney's office in Lubbock, Texas. When the PPD officer inquired as to why he had an attorney in Lubbock, Texas, when he lived in the State of Washington, Rafiq replied that he did not live in the State of Washington and was staying in Dallas, Texas. As the PPD officer walked back to his patrol unit to run checks on Rafiq's driver's license, he observed Rafiq making movements in the vehicle as if he was moving items or hiding something. Additionally, the officer observed that Rafiq was looking back at them through his side mirror as he was moving around.

10. Due to the citizen complaint, Rafiq's nervousness, and his continuous movement

**Affidavit in Support of Criminal Complaint**
Page 3 of 5

inside the vehicle while license checks were run, the PPD officer had Rafiq exit the vehicle. While speaking to Rafiq outside of the vehicle, Rafiq continued to place his left hand in his left pocket even after being instructed not to do so for officer safety. Due to Rafiq not following commands, the PPD officer performed a pat down of Rafiq for officer safety. During the pat down, the PPD officer requested permission to search Rafiq's pockets and Rafiq gave the PPD officer permission to search his pockets. During the search of Rafiq's front right pocket, the PPD officer located a small bag containing a useable quantity of marijuana.

11. After seizing the marijuana from his pocket, Rafiq was placed under arrest for possession of marijuana. During a search incident to arrest of the vehicle, probable cause search of the vehicle, and complete inventory of the vehicle, the PPD located and seized $78,180 in United States Currency in a bag located in the back seat of the vehicle. During a search and inventory of the trunk, officers located and seized a large quantity of synthetic cannabinoids. Officers seized approximately 1000, three gram packets of synthetic cannabinoids marked as "Pure Fire" and "King Kong."

12. In addition to the United States currency and synthetic cannabinoids, officers located and seized numerous documents including hand written synthetic cannabinoid ledgers depicting types and prices. One ledger represented over $100,000.00 in synthetic cannabinoid proceeds.

13. The seized synthetic cannabinoids seized were sent to the DEA South Central Laboratory, in Dallas, Texas, for expedited analysis. Through representative sampling, the DEA South Central Laboratory confirmed that both "Pure Fire" and "King Kong"

**Affidavit in Support of Criminal Complaint**
Page 4 of 5

contained a mixture and substance containing a detectable amount of 1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole, XLR11, a schedule I controlled substance.

14. In support of the criminal complaint, I submit that there is probable cause to believe that on or about August 20, 2014, in the Lubbock Division of the Northern District of Texas, and elsewhere, Muhammed Rafiq, defendant, did intentionally or knowingly posses with the intent to distribute a mixture and substance containing a detectable amount of 1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropoyl)indole, XLR11, a schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 2.

_____
Daryl Walker, Affiant
Special Agent
Drug Enforcement Administration

Approved by:

/s/Justin Cunningham
Justin Cunningham
Assistant United States Attorney

Subscribed and Sworn to Before Me this 27th day of August, 2014

_____
E. Scott Frost
United States Magistrate

Affidavit in Support of Criminal Complaint
Page 5 of 5